UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

LEON ANDERSON
1715 Dennis Ct,
Forestville, MD 20747-2587

   Plaintiff,

  v.          Civil Action No.

BLACKHAWK, Inc.
6210 Auth Road, Suite 402,
Suitland, MD 20746

---

## COMPLAINT

1. Plaintiff alleges that defendant, his former employer, violated the Family and Medical Leave Act (FMLA), 5 USC Sec.2615, by terminating his employment after 4 years of unblemished performance.

2. Jurisdiction of this court is invoked, inter alia, pursuant to 29 U.S.C. § 2617(a)(2).

3. Venue in this district is appropriate because the violations alleged occurred in Washington, District of Columbia, where the plaintiff worked for the defendant.

## PARTIES

4. Plaintiff, Leon Anderson, is a United States citizen who currently resides in Forestville, Maryland.

5. Defendant, Blackhawk, Inc. is a corporation engaged in interstate commerce. At all times relevant herein, it did business in District of Columbia.

**FACTS**

6. Plaintiff, Mr. Leon Anderson, is a 49 year old male. He worked as a security officer for Blackhawk, Inc. for 4 years. Plaintiff performed his duties well, received a raise in 2002 and maintained an unblemished work record.

7. On September 18, 2003, Plaintiff was driving to Alexandria, during the very peak of Huricane Isabel, on the way to his second security job when he was struck by a tractor trailer. The driver of the trailer could not see him during the storm. Plaintiff was spun around in his vehicle and his vehicle was totally destroyed. Plaintiff was diagnosed with a concussion and was disabled for three months.

8. Plaintiff kept defendant informed about the progress of his healing and when he could return to work.

9. On October 28, 2005, Mr. Anderson hand delivered to Col. Summers a letter from Dr. P. Steven Macedo, his treating physician. Dr. Macedo wrote that Plaintiff was "a patient that I have been treating for a closed head injury after a motor vehicle accident on 09-18-03. This letter is to inform you that due to Mr. Anderson's injuries he is unable to return to work at this time, he will be coming in to my office for treatment. We will update you regarding his work status in four weeks. We thank you for your cooperation with this patient."

10. On December 5, 2003, Dr. Macedo released Plaintiff for work. Dr. Macedo also sent a letter to Defendant stating that "Mr. Anderson is able to return to work."

11. Around December 5, 2003, Plaintiff called Col. Anthony Summers at Blackhawk and asked to be returned to work. Col. Summers explained that the company needed him badly because they were hiring new employees to hold positions for which they did not have the requisite credentials. Col. Summers informed Plaintiff that he needed to call Michael Barry, the

vice president of the company and the owner's son to be cleared to return to work. Plaintiff called Michael Barry, identified himself as an employee and asked for a work schedule so he could return to work. Mr. Barry responded that "we are not hiring anymore." Plaintiff explained that he had not been terminated but was out on disability. Mr. Barry asked Plaintiff to call back.

12. Mr. Anderson called Mr. Barry the next day and expressed his interest in returning to work again. Mr. Barry claimed that the company was not hiring new people, old people or anyone else and that the company did not need anyone. Plaintiff told Mr. Barry that Col. Summers had indicated that the company needed five or six people down at 810 and 811 Vermont. Mr. Barry responded that "Col. Summers doesn't run things, I run things. Anything else?" and hung up.

13. Plaintiff suffered terribly in being terminated. He has lost substantial income which made it hard to keep up with his financial responsibilities. Plaintiff almost lost his home because of his termination from Blackhawk. He sought counseling for his stress and depression. He also lost self esteem in being denied the opportunity to continue with a career that he enjoyed.

CLAIMS

I. VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

14. Plaintiff gave Defendant immediate notice that he needed disability leave due to his serious injuries. Although Mr. Anderson did not specifically predicate his request as FMLA leave at the time, his request was sufficiently specific to be treated as a FMLA request under the law. Plaintiff further provided detailed medical documentation regarding his injuries and his need for disability leave.

15. Defendant's termination of Plaintiff accordingly violated the FMLA's provisions at 29

U.S.C.S Sec. 2615(a)(1): "(1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title."

## II. DEFENDANT'S VIOLATION OF FMLA IS WILLFUL

16. Defendant knew or should have known that plaintiff was entitled to FMLA leave.

17. Defendant's disregard for the requirements of the law were so reckless as to constitute "willful" violations of the law, entitling plaintiff to additional liquidated damages.

## REMEDY REQUESTED:

Wherefore, plaintiff requests this Court grant him the following relief:

1. Direct defendant to reinstate Plaintiff and make him whole for all losses in wages and benefits that he suffered because of Defendant's illegal conduct;

2. Grant Plaintiff additional liquidated damages for Defendant's willful violations of the Family Medical Leave Act;

3. Grant the Plaintiff pre and post judgment interest on all amounts awarded; and

4. Direct Defendant to take such other actions that are necessary to give Plaintiff complete relief within the remedial scope of the Family and Medical Leave Act.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury with respect to all issues that she is entitled to a jury under law.

                    FOR THE PLAINTIFF,

                    -------------------------------------------
                    James L. Kestell   DC # 955310
                    Kestell & Associates
                    209 Midvale St.
                    Falls Church, VA 22046-3510

Please enter my appearance on behalf of the plaintiff, Leon Anderson.