IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON ANDERSON, | \| |
| Plaintiff, | \| |
| v. | \| Civil Action No. 1:05cv01898 |
| | \| (ESH) |
| BLACKHAWK, INC., | \| |
| Defendant. | \| |

## ANSWER OF DEFENDANT BLACKHAWK, INC.

Comes now the Defendant, Blackhawk, Inc., by counsel, Bernadette Gartrell, Esquire, and in answer to Plaintiff's Amended Complaint states as follows:

## GENERAL DENIAL

That the Defendant generally denies all liability and all averments of fact contained within the Complaint and demands strict proof thereof.

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted against this Defendant.

## SECOND DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

## FOURTH DEFENSE

Plaintiff's recovery is barred by the doctrine of unclean hands and/or a failure to mitigate damages.

## FIFTH DEFENSE

Defendant, Blackhawk, Inc. intends to rely upon such other affirmative defenses and avoidances as are supported by the evidence in this case.

## SIXTH DEFENSE

In further response to the numbered paragraphs set forth in Plaintiff's Amended Complaint, Defendant, Blackhawk, Inc., states as follows:

1. Defendant denies the allegations in paragraph 1 of the Amended Complaint.

2. The allegations in paragraph 2 are jurisdictional allegations which do not require a response from this Defendant.

3. The Defendant neither admits nor denies the specific allegations set forth in paragraph 3, and to the extent the same are material, demands strict proof thereof.

4. Defendant, Blackhawk, Inc., admits that it does business in the District of Columbia and to the extent the same becomes material, demands strict proof of the remaining allegation contained in paragraph 3 of the Amended Complaint.

5. The Defendant admits in part and denies in part the allegations contained in paragraph 5, admitting only that Plaintiff did work as a security officer for the Defendant. To the extent the remaining allegations are material, Defendant demands strict proof thereof.

6. Defendant is without sufficient information, knowledge or belief to admit or deny the allegations set forth in paragraph 6 of the Amended Complaint.

7. Defendant denies the allegations set forth in paragraphs 7 and 8.

8. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 9.

9. The allegations contained in paragraphs 10, 11 and 12 of the Amended Complaint are denied and to the extent material, strict proof is demanded.

10. All allegations contained in paragraphs 14, 15 and 16 of the Amended Complaint, are denied.

**WHEREFORE,** Defendant, Blackhawk, Inc., denies that the Plaintiff is entitled to the relief prayed in paragraphs 1, 2, 3 and 4 of the prayer in the Amended Complaint, and respectfully prays that Plaintiff's Amended Complaint be dismissed and the Defendant, Blackhawk, Inc., be awarded its attorney's fees and costs in this matter.

Respectfully submitted,

Bernadette Gartrell #01927
Metro Plaza One, Suite 620
8401 Colesville Road
Silver Spring, Maryland 20910
(301) 589-8855; fax (301) 589-8866
E-mail: gartrell4law@aol.com

Attorney for Defendant Blackhawk, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of January, 2006, a copy of the foregoing Answer, was mailed, first class postage prepaid, to James L. Kestell, Esquire and Michael P. Deeds, Esquire, **KESTELL & ASSOCIATES** , 209 Midvale Street, Falls Church, VA 22046-3510.

_____
Bernadette Gartrell