UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON ANDERSON<br>1715 Dennis Ct,<br>Forestville, MD 20747-2587 | :<br>:<br>: Civil Action No. 1:05CV01898 (ESH) |
| Plaintiff, | : |
| v. | : |
| BLACKHAWK, Inc.<br>6210 Auth Road, Suite 402,<br>Suitland, MD 20746 | :<br>: July 14, 2006 |
| Defendant. | :<br>: |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME OF THE COURT'S SCHEDULING ORDER TO COMPLETE DISCOVERY**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, the plaintiff in the above matter, by his counsel, hereby requests an extension of time of 30 days from August 8, 2006, the date presently set for close of discovery, until September 7, 2006.

In this case the plaintiff has claimed that defendant terminated his employment in violation of the Family and Medical Leave Act (FMLA), 5 U.S.C. Sec. 2615, when it refused to allow plaintiff to return to work after he took medical leave for approximately ten weeks to recover from an automobile accident. (Complaint, ¶ 1).

The plaintiff has good cause to obtain for this extension. Plaintiff asked defendant's counsel to make Michael Berry, a member of defendant's management who terminated plaintiff, available for depositions. On July 5, 2006, shortly after the defendant produced its responses to plaintiff's discovery requests, the plaintiff suggested

1

possible dates to conduct the depositions of Berry and other management officials. The defendant agreed to set a date.

However, on July 7, 2006, thirty one days before the close of discovery on August 8, 2006, defendant's counsel notified plaintiff via e-mail that it would not be able to produce Berry for a deposition because: "Michael Berry not at Blackhawk at present - is incarcerated." Therefore, pursuant to Rule 30(b)(6) of the Federal Rules, the plaintiff must now depose another member of defendant's management who possibly could provide relevant information regarding the reasons why it terminated the plaintiff.

In addition, the plaintiff received Defendant's Answers to Plaintiff's First Set of Discovery Requests dated April 21, 2006, at various stages between June 19, 2006 and June 26, 2006. In those responses, for the first time the defendant claimed that the plaintiff was terminated because he failed to "report to the corporate office to update his credentials because some had expired during his absence." The plaintiff needs to conduct supplemental discovery to determine the details regarding when and how Mr. Anderson was instructed to report to the corporate office and which of his credentials had allegedly expired. He also needs further discovery regarding the reasons for, and circumstances surrounding, the incarceration of Michael Berry who was the decision-maker in this case.

Prior to filing this motion, attempts were made to contact defendant's counsel, Bernadette Gartrell, by email and telephone to determine her position on this motion for extension of time. To date, no response has been received.

For the foregoing reasons, the plaintiff has good cause for the Court to grant this motion for extension of time.

                                            Respectfully submitted,

                                            FOR PLAINTIFF,

                                            By /s/_____  
                                            Jonathan L. Gould  
                                            DC Bar No. 491052  
                                            Kestell & Associates  
                                            1012 14th Street, NW, Suite 630  
                                            Washington, DC 20005  
                                            202 347-3889  
                                            202 347-4482  
                                            email jgould@igc.org