UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:05CV01898 |
| BLACKHAWK, INC. | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME OF THE COURT'S SCHEDULING ORDER TO COMPLETE DISCOVERY

Comes now the Defendant, Blackhawk, Inc., by and through counsel, Bernadette Gartrell, Esquire, and in reply to Plaintiff's Motion For An Extension of Time of the Court's Scheduling Order To Complete Discovery, states as follows:

1. By e-mail dated July 5, 2006, Plaintiff's counsel notified the undersigned counsel that she wanted "to depose Mr. Michael Berry and Colonel Anthony Summers" [Defendant's current or former employees.] On the same date, Defendant's counsel responded by e-mail that she would need to find out the availability of Col. Summers and Michael Berry.

2. On July 7, 2006, again by e-mail, Defendant's counsel advised Plaintiff's counsel that Michael Berry was not presently employed at Blackhawk and was incarcerated. At that point Plaintiff's counsel expressed no further interest in Michael Berry as a deponent, and Col. Summers' deposition was scheduled for August 7, 2006. Defendant's counsel also specifically stated in her e-mail that she wanted to depose the Plaintiff on the same date while the parties would be all together.

2. Defendant's counsel was out of town last week, ( Plaintiff's counsel was advised). Upon returning Sunday night, July 16, 2006, counsel learned that Plaintiff's counsel had left voice mail and e-mail messages concerning her intention to file a motion for an extension of time to complete discovery, and also learned by virtue of the Court's electronic notice, that a pleading had in fact been filed. Plaintiff's counsel had not served Defendant's counsel with a copy of the motion. By e-mail to Plaintiff's counsel on July 16, 2006, Defendant's counsel requested a copy of the motion for extension of time that had been filed. Plaintiff's counsel promptly faxed a copy to Defendant's counsel's office on July 17, 2006.

3. In the motion before the Court, Plaintiff also states that Michael Berry was a decision-maker in this case, and that she wanted to explore the circumstances of his incarceration. The former statement is untrue and as to the latter statement, a former employee's current personal circumstances are not relevant to the Plaintiff's claim against his employer for alleged violation of the Family and Medical Leave Act..

3. The motion did not fairly present the facts of what had transpired leaving the impression that Defendant's counsel had agreed to "produce Michael Berry" for deposition, and then renigged at the eleventh hour. This was incorrect, hence this reply to set the record straight.

4. Defendant's counsel would not have opposed Plaintiff's counsel's request for a *brief* extension of time to complete discovery.

Respectfully submitted,

/s/_____
  Bernadette Gartrell  #01927
Metro Plaza One, Suite 620
8401 Colesville Road
  Silver Spring, MD  20910
  301 589-8855; fax 301 589-8866
  Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Defendant's Reply To Plaintiff's Motion For An Extension of Time of the Court's Scheduling Order To Complete Discovery, was faxed and mailed this 18th day of July, 2006, via first class mail, postage prepaid to Bianca Karim, Esquire, Jonathan L. Gould, Esquire/James L. Kestell, Esquire, **KESTELL & ASSOCIATES**, 1012 14th Street, NW, Suite 630, Washington, D.C. 20005.

_____
Bernadette Gartrell