IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LEON ANDERSON<br>1715 Dennis Ct,<br>Forestville, MD 20747-2587 | :<br>:<br>: | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:05CV01898 (ESH/JMF) |
| BLACKHAWK, Inc.<br>6210 Auth Road, Suite 402,<br>Suitland, MD 20746 | :<br>:<br>: | August 8, 2006 |
| Defendant. | : | |

SECOND AMENDED COMPLAINT

JURISDICTION

1. This action is brought under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 et.seq. The plaintiff, Mr. Leon Anderson (hereafter referred to as Mr. Anderson or the plaintiff) alleges that the defendant terminated him and retaliated against him for taking leave that was protected under the Family and Medical Leave Act and otherwise interfered with his rights under that Act.

2. Jurisdiction of this Court is invoked pursuant to 29 U. S.C. §2617(a)(2).

3. Venue in this district is appropriate because the violations alleged occurred in Washington, District of Columbia, where the plaintiff worked for the defendant.

PARTIES

4. Plaintiff, Leon Anderson, is a United States citizen who currently resides in Forestville, Maryland.

1

5. Defendant, Blackhawk, Inc. is a corporation engaged in interstate commerce. At all times relevant herein, it did business in District of Columbia.

6. During the time periods relevant to this complaint, Blackhawk, Inc. was an employer of Mr. Anderson as defined by the FMLA, 29 U.S.C. §2611(4). At all times relevant herein, Blackhawk, Inc. employed 50 or more persons for each of 20 or more calendar workweeks in the calendar years during which Mr. Anderson took family and medical leave.

## STATEMENT OF THE CLAIM

7. Plaintiff, Mr. Leon Anderson, is a 49 year old male. He worked as a security officer for Blackhawk, Inc. for 4 years. Plaintiff performed his duties well and received a raise in 2002.

8. On September 18, 2003, Plaintiff was driving to Alexandria, during the very peak of Huricane Isabel, on the way to his second security job, when he was struck by a tractor trailer. The driver of the trailer could not see him during the storm. Plaintiff was spun around in his vehicle and his vehicle was totally destroyed. Plaintiff was diagnosed with a concussion and was disabled for three months.

9. Plaintiff kept defendant informed about the progress of his healing and when he could return to work.

10. On October 28, 2005, Mr. Anderson hand delivered to Col. Summers a letter from Dr. P. Steven Macedo, his treating physician. Dr. Macedo wrote that Plaintiff was "a patient that I have been treating for a closed head injury after a motor vehicle accident on 09-18-03. This letter is to inform you that due to Mr. Anderson's injuries he is unable to return to work at this time, he will be coming in to my office for treatment. We will

2

update you regarding his work status in four weeks. We thank you for your cooperation with this patient."

11. Mr. Anderson's attorney, Shana Greatman, who represented him in his insurance claim against his insurance company, wrote several letters to defendant regarding Mr. Anderson's medical condition arising from his auto accident. Ms. Greatman sent the defendant three letters dated September 25, 2003, October 29, 2003, December 5, 2003 and sent one letter around December 22, 2003. These letters also requested Mr. Anderson's wage information so that he could be reimbursed by his insurance company while on medical leave.

12. On December 5, 2003, Dr. Macedo released Plaintiff for work. Dr. Macedo also sent a letter to Defendant stating that "Mr. Anderson is able to return to work."

13. Around December 5, 2003, Plaintiff called Col. Anthony Summers at Blackhawk and asked to be returned to work. Col. Summers explained that the company needed him badly because they were hiring new employees to hold positions for which they did not have the requisite credentials. Col. Summers informed Plaintiff that he needed to call Michael Berry, the vice president of the company and the owner's son, to be cleared to return to work.

14. Mr. Anderson called Mr. Berry shortly after talking to Col. Summers, but Mr. Berry was unavailable. Mr. Anderson also talked to Ms. Evelyn Woods, Manager of Human Resources Department, Blackhawk, Inc., and asked her what he needed to do to return to duty. Ms. Woods said Mr. Anderson would need to talk to Mr. Berry. Mr. Anderson kept calling Mr. Berry and leaving him messages to call him back so that Mr.

Anderson could get a work schedule.

15. On December 31, 2003, Ms. Evelyn Woods sent a letter to Ms. Greatman, Mr. Anderson's attorney in his insurance claim, stating that "Mr. Leon Anderson works for Blackhawk Security on Saturdays and Sundays only... His total hours 24 hours a week. He does not work on weekdays like Mr. Patterson said. His rate of pay is $13.25 hr. and he gets $2.02 for Health and Welfare when he works. He has not been back to work since his accident."

16. When Blackhawk, Inc. failed to respond to Mr. Anderson, he attempted to get another job. He looked online and in the newspaper for another security position and also asked friends and co-workers about positions that were open so that he could get back to work.

17. Mr. Anderson was able to get through to Mr. Berry around April 20, 2004. Mr. Anderson identified himself as an employee and requested a work schedule. Mr. Berry said that they were not hiring any new employees. Mr. Anderson then explained that he was not a new employee but a current employee who has been out on disability leave since September 18th, 2003. Mr. Berry then asked Mr. Anderson to call him the next day. Mr. Anderson called Mr. Berry the next day and Mr. Berry told him that the company was not hiring new people, old people or anyone else as the company did not need anyone. Mr. Anderson responded that Col. Summers said that there are several positions open at 810 and 811 Vermont Avenue. Mr. Berry stated in a harsh tone that "Col. Summers doesn't run things, I run things. Anything else?" and hung up.

18. On March 24, 2005 and Aug. 14, 2005, Ms. Woods, Human Resources Manager, sent two letters to Mr. Anderson stating that "This letter is official notification

that you are not employed or no longer working for Blackhawk, Inc. In accordance with Title 13 of the Maryland Annotated Code, the owner is formally demanding the return of all uniform issued to you."

20. Mr. Anderson was absent on medical leave for a serous illness and under physician's care from September 18, 2003 to December 5, 2003.

21. The defendant refused to return Mr. Anderson to work and/or terminated his employment despite the fact that Mr. Anderson's treating physician said he was fit to return to work.

22. Mr. Anderson was clearly entitled to take this time to recover from his serious illness under the protections provided by the FMLA.

23. In terminating Mr. Anderson's employment and/or in not returning him to his job after he took medical leave, the defendants interfered with, restrained and denied Mr. Anderson his rights as an eligible employee as provided for under the FMLA, and/or attempted to deny him such rights, thereby violating 29 U.S.C. §§2614 and 2615.

24. As a result of the defendant's violations of the FMLA, Mr. Anderson has suffered and continues to suffer a loss of employment, lost compensation and fringe benefits, and other rights and privileges of his employment.

25. The defendant's conduct was not in good faith. The defendants also did not have a reasonable belief that they were not violating the FMLA.

## REQUESTS FOR RELIEF

WHEREFORE, Mr. Anderson requests that this Court grant him the following relief: 1.

1. Direct defendant to reinstate Plaintiff and make him whole for all losses in

wages and benefits that he suffered because of Defendant's illegal conduct;

    2.  Grant Plaintiff additional liquidated damages for Defendant's willful violations of the Family Medical Leave Act;

    3.  Grant the Plaintiff pre and post judgment interest on all amounts awarded; and

    4.  Direct Defendant to take such other actions that are necessary to give Plaintiff complete relief within the remedial scope of the Family and Medical Leave Act, including costs incurred in this action and reasonable attorneys' fees.

<u>DEMAND FOR JURY TRIAL</u>

    Mr. Anderson hereby demands a trial by jury regarding all issues that he is entitled to under law.

                  Respectfully Submitted,
                  The Plaintiff,
                  Leon Anderson

By_____/s/_____
                  Jonathan L. Gould
                  DC Bar # 491052
                  Bianca Karim
                  DC Bar No. 497834
                  Kestell and Associates
                  1012 14th Street, NW, Suite 630
                  Washington, DC  20005
                  Tel. 202-347-3889
                  Tel. No. 202-347-0990
                  Fax 202-347-4482
                  Email: jgould@igc.org
                  Email: bianca_karim@yahoo.com

                  Attorneys for the Plaintiff