**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LEON ANDERSON<br>1715 Dennis Ct,<br>Forestville, MD 20747-2587 | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:05CV01898 (ESH/JMF) |
| BLACKHAWK, Inc.<br>6210 Auth Road, Suite 402,<br>Suitland, MD 20746 | :<br><br>: | December 8, 2006 |
| Defendant. | : | |

**PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS, SPECIAL**
**VERDICT FORM AND VOIR DIRE QUESTIONS**

Pursuant to the Court's pretrial procedures order dated April 5, 2006, the plaintiff hereby submits his proposed special jury instructions, special verdict form and voir dire questions as part of his pretrial statement as follow.[a]

---

[a] The plaintiff has not filed these instructions jointly because at the time of filing he had not yet received the defendant's proposed alternative instructions for the ones on which the parties' disagree. The plaintiff can supplement this submission with a joint submission closer to the format suggested by the Court at the time he receives the defendant's alternative proposed instructions.

## PLAINTIFF'S REQUESTED SPECIAL JURY INSTRUCTIONS

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 1

The FMLA, the statute involved in this case, provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

The statute also requires that an employee who has taken FMLA leave (A) "to be restored by the employer to the position of employment held by the employee when the leave commenced or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

Finally the statute provides that: "It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:40; 29 U.S.C. §2612(a)(1)(D); 29 U.S.C. §2614(a)(1); 29 U.S.C. § 2615(a)(1).

## PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 2

### "Employer" Defined

The term "employer" means any person engaged in commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

It includes any person who acts, directly or indirectly, in the interest of an employer.

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:70; 29 U.S.C. § 2611(4).

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 3

**"Serious Health Condition" Defined**

The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves:

A "serious health condition" is defined by FMLA as "an illness, injury, impairment, or physical mental condition that involves [either] inpatient care in a hospital ⋯ or continuing treatment by a health care provider." 29 U.S.C. § 2611(11) (2000). Regulations promulgated under the FMLA further provide that a serious health condition that involves continuing treatment by a health care provider includes:

4 (i) a period of incapacity ⋯ of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves[:]

(A) Treatment two or more times ⋯; or

(B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.
29 C.F.R § 825.114(a) (2005).

Therefore, for a leave of absence to qualify under the FMLA, a plaintiff must allege that there was a period of incapacity of at least three days along with treatment for that condition by a health care provider either (1) on two or more occasions, or (2) at least once, as long as it results in a regimen of continuing treatment under that provider's supervision.. The regulation further provides that "treatment ⋯ includes (but is not

limited to) examinations to determine if a serious health condition exists and evaluations of the condition."

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:40; 29 U.S.C. § 2611(11); C.F.R. § 825.114(b); 29 U.S.C. § 2612(a)(1)(D) (2000); *see also Price v. Wash. Hosp. Center,* 321 F.Supp.2d 38, 45 n. 1 (D.D.C.2004) (quoting *Chang v. Inst. for Public-Private P'ships, Inc.*, No. 02-CV-1256, 2004 WL 742806, at *7 (D.D.C.2004)). *Russell v. North Broward Hosp.,* 346 F.3d 1335, 1342 (11th Cir.2003).

.

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 4

**Elements of an FMLA Interference Claim**

The FMLA makes it unlawful for the defendant to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided.

Mr. Anderson has alleged that the defendant deprived him of a substantive guarantee under the FMLA. He must therefore demonstrate by a preponderance of the evidence that he was entitled to the right that was allegedly deprived.

**Source of Instruction: :** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:230; *Rice v. Sunrise Express, Inc.* Nos. 97-3982 and 98-2195, 2000 U.S. App. LEXIS 6295, *22 (7th Cir. April 7, 2000); *King v. Preferred Tech. Co.,* 166 F.3d 887, 891 (7th Cir. 1999); *Price v. Washington Hosp. Center*, 321 F.Supp.2d 38, 45 - 46 (D.D.C.,2004)

**Defendant's Objection:**

The defendant has indicated that it intends to object to this instruction as an incorrect statement of the law and intends to file a separate instruction on this issue.

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 5

Intent Not an Issue

The fact that the defendant had no specific intent or purpose to deprive Mr. Anderson of his rights under the FMLA will not absolve the defendant from liability if the defendant in fact deprived him of those rights.

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:240; *Hodgens v. General Dynamics Corp.,* 133 F.3d 151 (1st Cir. 1998)

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 6

**Essential Elements of FMLA Violation**

Your verdict must be for the plaintiff, Mr. Anderson, if he has proved all of the following elements by a preponderance of the evidence:

*First,* Mr. Anderson had a serious health condition as defined under the FMLA;

*Second,* Mr. Anderson was absent from work because of a serious health condition;

*Third,* Mr. Anderson gave the defendant notice of his need to be absent from work;

*Fourth,* on the return of Mr. Anderson from his absence, the defendant failed to restore Mr. Anderson to his position of employment or an equivalent position with equivalent benefits, pay and other terms and conditions of employment.

However, your verdict must be for the defendant if any of the above elements has not been proved by a preponderance of the evidence.

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:680; *Draft Model Jury Instructions (Civil) Eighth Circuit* § 5.81B (1999)(Modified).

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 7

**Damages Available**

If you find for the plaintiff, Mr. Anderson, then you must award him such sum as you determine by a fair preponderance of the evidence that he incurred as a direct result of the defendant's violation.  The FMLA provides that a plaintiff's may recover an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation.

**Source of Instruction:**  *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:860; 29 U.S.C. § 2617(1).  Adopted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.02 (1999).

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 8

**Backpay Damages**

If you find the defendant unlawfully failed to return the plaintiff to his position at the expiration of his medical leave in violation of the FMLA you must determine the amount of damages that plaintiff has sustained, if any.

That is, you are to award plaintiff an amount equal to the pay that plaintiff would have received from defendant had plaintiff been returned until the time he obtained equivalent pay at any other jobs he secured. You should deduct from that sum whatever wages plaintiff obtained from other employment during this period.

**Source of Instruction:** O'Malley, Grenig & Lee §173.70 (2000); 29 U.S.C. § 2617(1)

**Defendant's Objection:**

The defendant has indicated that it intends to object to this instruction as an incorrect statement of the law and intends to file a separate instruction on this issue.

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 9

**Mitigation of Damages**

The law of damages is that once having incurred economic harm or losses, Mr. Anderson was under a duty to take reasonable measures to lessen or mitigate the amount of economic harm or losses incurred by searching for other suitable employment after her termination.  If Mr. Anderson failed to use ordinary diligence to find other employment, he may not recover her full back wages, but may be entitled to a lesser recovery.

However, unlike the issues of the defendant's liability under the FMLA the burden of proving that Mr. Anderson did not take reasonable measures to find and secure employment elsewhere is on the defendant.  Thus, the defendant must prove by a fair preponderance of the evidence that Mr. Anderson's attempts to find employment after it failed to return him to work were not reasonable in that he did not use ordinary diligence to find such other employment.

In order to prevail on their claim that Mr. Anderson failed to mitigate her damages, the defendant must prove by a preponderance of the evidence (1) the existence of particular vacancies for jobs appropriate to Mr. Anderson's level of skill and education at a reasonable distance from his residence, and (2) that Mr. Anderson failed to use reasonable efforts to find employment.  The defendant must sustain its burden by identifying specific job vacancies at specific times that met Mr. Anderson's level of skills and qualifications.

**Source of Instruction:** *Peyton v. DiMario*, 287 F.3d 1121, 1128 (D.C.Cir. 2002); *Padilla v. Metro-North Commuter Railroad*, 92 F.3d 117, 125-6 (2d Cir. 1996).

**Defendant's Objection:**

The defendant has indicated that it intends to object to this instruction as an incorrect statement of the law and intends to file a separate instruction on this issue.

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 10

**Liquidated Damages.**

The FMLA also authorizes you to award Mr. Anderson what it calls liquidated damages. The law provides that these damages are presumed if you find that the defendant has interfered with Mr. Anderson's rights under the law. A defendant can avoid an assessment of these damages only if it proves, by a preponderance of the evidence, both that it acted in good faith even though it interfered with those rights and that it had reasonable grounds for interfering with those rights.

Unlike the rest of the issues in this case, where the plaintiff bears the burden of proof if you find that the defendant has interfered with Mr. Anderson's rights under the FMLA the burden is on the defendant to prove by a preponderance of the evidence both that it acted in good faith and had reasonable grounds for its actions.

In order for the defendant to prove that it acted in good faith, the defendant must prove it subjectively had an honest intention to ascertain what the law requires and to act in accordance with it. In order for the defendant to prove that it had reasonable grounds for its actions it must prove that it sought specific advice from a governmental authority as to what the law was and acted in accordance with that advice.

**Source of Instruction:** 29 U.S.C. § 2617 (a)(iii); *Kinney v. District of Columbia*, 994 F.2d 6, 12-13 (D.C. Cir.,1993); *Cooper v. Fulton County, Ga,.,* 458 F.3d 1282 (11th Cir., 2006); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 868-9 (8th Cir. 2006).

13


**Defendant's Objection:**

The defendant has indicated that it intends to object to this instruction as an incorrect statement of the law and intends to file a separate instruction on this issue.

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

**Note:** Complete the following paragraph by writing in the name required by your verdict.

1. Did the plaintiff, Leon Anderson, prove by a preponderance of the evidence, that the defendant, Blackhawk, Inc., failed to return him to work after he took a leave for a serious health condition thereby interfering with his rights under the Family and Medical Leave Act?

\_\_\_\_  \_\_\_\_
Yes  No

**Note:** *Answer the next two questions only if the above finding is in favor of Plaintiff. If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.*

2. What losses did the plaintiff, Leon Anderson, suffer in terms wages, employment benefits and other compensation denied or lost through the date of this verdict as a result of the defendant's violations of the Family and Medical Leave Act?

$_____ [*state the amount or, if none, write the word "none"*].

3. In interfering with the rights of the plaintiff, Leon Anderson, under the Family and Medical Leave Act, did the defendant prove, by a preponderance of the evidence, both that it acted in good faith and that it had reasonable grounds for interfering with those rights?

\_\_\_\_  \_\_\_\_
Yes  No


_____
Foreperson

Dated: _____

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:970; Adopted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.05 (1999).

**THE PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

1. Do you, or does any member of your family, know the plaintiff, Leon Anderson? If so, please explain how you or they know the plaintiff and whether you feel this relationship would prevent you from rendering an impartial verdict.

2. Do you, or does any member of your family, know the plaintiff's lawyer, Jonathan L. Gould or anyone at Kestell & Associates or anyone from the defendant, Blackhawk, Inc. or its attorney, Bernadette Gartrell? If so, please describe how you or your family members know any of these individuals and whether your knowledge of them would prevent you from rendering an impartial verdict in this case.

3. Do you or any member of your family do business, receive benefits from or have any relationship with the Blackhawk, Inc., including an employment relationship, now or in the past? If so, please describe this relationship.

4. Do you know any of the proposed witnesses in this matter? If so, please explain how you know them and whether this relationship would prevent you from rendering an impartial verdict.

5. Do you have any commitments that would keep you from serving on the jury in this case? If so, please describe these commitments.

6. What is the nature of your employment, and how long have you worked at your present job?

7. Have you or any member of your family ever been employed in the personnel field for a corporation or government agency?

8. If so, please describe the circumstances.

17

9. Have you ever been a supervisor, and if so, please describe the circumstances?

10. Have you ever had to hire, fire, select for promotion, layoff or discipline employees, or implement company policies with such requirements, and if so, please describe the circumstances?

11. Have you or any member of your family ever been in a union? If so, how do you feel about unions?

12. Have you ever had charges of discrimination filed against you? If so, how do you feel about that and do you think it could affect your ability to judge this case fairly?

13. Have you ever been unemployed, and if so, please describe the circumstances?

14. Have you, or a close relative, ever been fired or laid off or have you ever quit a job, and if so, please describe the circumstances and how you felt about it?

15. Have you ever been involved in a lawsuit before? If so, were you a plaintiff, defendant, witness or juror?

16. Please describe the nature and the result of the lawsuit.

17. Were you satisfied with the result of the lawsuit? If you were not satisfied, please explain why.

18. Do you think that people should be able to sue their employers? If not, why not?

19. Do you have any feelings one way or another about people who sue their employers? If you have negative feelings about such people, please explain.

20. Have you or your spouse ever lost a job or been denied a promotion? If so, describe your feelings.

21. Do you have any feelings about persons who need to take leave from the job

because they are sick or injured? If so describe your feelings.

22. Do you think that people are never discriminated against when they come back to work because they were out sick or injured?   If so, please explain your answer.

23. Do you think that discrimination is a problem in the work place?  Please explain.

24. Do you think that employees exaggerate their injuries or illnesses so that they do not have to come to work?

25. Have any of you or your family members taken extended medical, sick or injury leave from the job? If so, how were you treated when you came back?

26. Have any of you or your family members who took medical, injury or sick leave been discriminated against after they returned? If so, how do you feel about that?

27. Have you or any member of your family been accused of discrimination?  If so, please explain the circumstances and how you felt about the situation.

28. Have you ever followed a case involving employment in the news?  If so, please indicate your feelings about that case.

29. Have you or any member of your family been pushed out of a job or denied a promotion because of an illness or injury or medical leave?  If so, please explain the circumstances.

30. Would you have any difficulty awarding a substantial amount of money to the plaintiff if you were satisfied that he was entitled to that amount of money under the law?  If so, please explain.

31. Have you ever sat on a jury before?  If so, please describe whether the case was civil or criminal, in state or federal court and how the case turned out?

32. What clubs or organizations do you belong to?

33. Name the three public figures you most admire.

34. Please name the magazines or newspapers you read.

35. Please indicate your primary source for news, i.e. newspaper, TV, internet or radio.

36. Please name the last book you read.

                                     Respectfully Submitted,

                                     FOR THE PLAINTIFF
                                   LEON ANDERSON

                                 By   /s/  Jonathan L. Gould
                                     Jonathan L. Gould
                                     DC Bar # 491052
                                     James L. Kestell
                                     DC Bar #955310
                                     Bianca Karim
                                     DC Bar No. 497834
                                     Kestell and Associates
                                     1012 14th Street, NW, Suite 630
                                     Washington, DC  20005
                                     Tel. 202-347-3889
                                     Tel. No. 202-347-0990
                                     Fax 202-347-4482
                                     email jgould@igc.org