IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON ANDERSON : | |
| 1715 Dennis Ct, | |
| Forestville, MD 20747-2587 : | |
| Mr. Anderson, : | |
| v. : | Civil Action No. 1:05CV01898 (ESH/JMF) |
| BLACKHAWK, Inc. : | |
| 6210 Auth Road, Suite 402, | December 8, 2006 |
| Suitland, MD 20746 : | |
| Defendant. : | |

**JOINT PRETRIAL STATEMENT**

Pursuant to the Court's pretrial procedures order dated April 5, 2006, the parties hereby submit their joint pretrial statement as follows:[1]

**PLAINTIFF'S STATEMENT OF THE CASE**

This action is brought under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et.seq. The plaintiff, Leon Anderson (hereafter Mr. Anderson) alleges that the defendant, Blackhawk, Inc., interfered with and denied him his rights under the FMLA by failing to return him to work in December 2003 after he took an authorized medical leave.

Prior to taking medical leave, Mr. Anderson worked as a security officer for Blackhawk, Inc. for 4 years. He performed his duties well and received salary increases. On September 18, 2003, Mr. Anderson was driving to Alexandria, on the way to his

---

[1] As of the time of filing, the plaintiff's counsel has not heard back from defendant's counsel regarding her final review of this statement. Plaintiff's counsel submits this with the good faith belief that it is acceptable to defendant's counsel based on their last e-mail discussions.

second security job, when he was struck by a tractor trailer. Mr. Anderson was diagnosed with a concussion and was disabled for three months.

Mr. Anderson kept the defendant informed about the progress of his healing and when he could return to work.  On October 28, 2005, Mr. Anderson hand delivered to his supervisor, Mr. Anthony Summers, a letter from Dr. P. Steven Macedo, his treating physician. Dr. Macedo wrote that Mr. Anderson was "a patient that I have been treating for a closed head injury after a motor vehicle accident on 09-18-03. This letter is to inform you that due to Mr. Anderson's injuries he is unable to return to work at this time, he will be coming in to my office for treatment. We will update you regarding his work status in four weeks. We thank you for your cooperation with this patient."
Mr. Anderson's attorney, Shana Greatman, also wrote several letters to the defendant updating Mr. Anderson's medical condition arising from his auto accident.

On December 5, 2003, Dr. Macedo released Mr. Anderson for work. Dr. Macedo also sent a letter to the defendant confirming that fact.

On or about December 5, 2003, Mr. Anderson called Mr. Summers at Blackhawk and asked to be returned to work. Summers explained that the company needed him badly because they were hiring new employees to hold positions for which they did not have the requisite credentials. Summers informed Mr. Anderson that he needed to call Michael Berry, the vice president of the company and the owner's son, to be cleared to return to work.

Mr. Anderson called Mr. Berry shortly after talking to Summers, but Mr. Berry was unavailable. Mr. Anderson also talked to Ms. Evelyn Wood, Manager of Human Resources Department, Blackhawk, Inc., and asked her what he needed to do to return to

duty. Ms. Woods said Mr. Anderson would need to talk to Mr. Berry. Mr. Anderson kept calling Mr. Berry and leaving him messages to call him back so that Mr. Anderson could get a work schedule.

When Blackhawk failed to respond to Mr. Anderson, he attempted to get another job. He looked online and in the newspaper for another security position and also asked friends and co-workers about positions that were open so that he could get back to work.

Mr. Anderson was able to get through to Mr. Berry around April 20, 2004. Mr. Anderson identified himself as an employee and requested a work schedule. Mr. Berry said that they were not hiring any new employees. Mr. Anderson then explained that he was not a new employee but a current employee who has been out on disability leave since September 18th, 2003. Mr. Berry then asked Mr. Anderson to call him the next day.

Mr. Anderson called Mr. Berry the next day and Mr. Berry told him that the company was not hiring new people, old people or anyone else as the company did not need anyone. Mr. Anderson responded Mr. Summers said that there were several positions open at 810 and 811 Vermont Avenue. Mr. Berry stated in a harsh tone that "Col. Summers doesn't run things, I run things. Anything else?" and hung up. The defendant never allowed Mr. Anderson to return to work after his medical leave ended on December 5, 2003.

**DEFENDANT'S STATEMENT OF THE CASE**

There was no deliberate attempt or intent to deprive the Plaintiff Leon Anderson of a job with the Defendant Blackhawk, Inc. because he was away from the job due to having been injured in an automobile accident. Mr. Anderson did not return to his job

and at a later point provided a letter to the company regarding his having been injured in an automobile accident. No information was given as to how long he would be away from the job nor when he was expected to return. Mr. Anderson did not keep his supervisor or the corporate office advised of his intentions regarding his employment. No written request for any leave, including FMLA leave was ever filed by Mr. Anderson nor approved by the company either on the required company form or in any other fashion. It is the nature of the type of employment that security guards come and go, leave and return to their jobs, often without explanation.

It is also a requirement of employment that security guards maintain current required United States Government Services Administration ("GSA") certifications at all times before he or she can be placed on duty or returned to a duty assignment. When Mr. Anderson went to the job site and spoke to his supervisor about returning to work he was advised that he would have to update his certifications. After a period of time has passed without the security guard returning to work, an assumption is made of non-return and a letter is sent to the employee requesting that his uniform and credentials be returned to the company.

Conversely, an employee who is terminated by the company receives a written letter about his termination. Mr. Anderson was never terminated by Blackhawk.

**PLAINTIFF'S STATEMENT OF CLAIMS**

In not returning Mr. Anderson to work after he took a medical leave as required by the FMLA, the defendant interfered with and denied Mr. Anderson his rights under that law and thereby violated 29 U.S.C. §§2614 and 2615. As a result of the defendant's violations of the FMLA, Mr. Anderson suffered a loss of employment, lost compensation

- 4 -

and fringe benefits, and other rights and privileges of his employment. The defendant's conduct also was not in good faith and it did not have reasonable grounds to believe that it was complying with the FMLA.

Mr. Anderson is requesting that the Court grant him the following relief: payment for all losses of wages and benefits that he suffered because of the defendant's illegal conduct, additional liquidated damages for the defendant's violations not taken in good faith or with reasonable grounds, pre and post judgment interest on all amounts awarded and costs incurred in this action, including reasonable attorneys' fees. He is also requesting reinstatement to an equivalent position with the defendant if appropriate at the end of the trial.

**DEFENDANT'S STATEMENT OF DEFENSES**

The Plaintiff never requested leave under the Family and Medical Leave Act, nor was any adverse action taken against him. A security guard cannot be returned to a United States Government duty assignment without having all updated federally mandated certifications. The Plaintiff also worked at another job, for another security guard agency, during the period of time he was away from his last duty assignment for the Defendant.

**WITNESS SCHEDULE**

a. <u>JOINT WITNESSES</u>

i. <u>Ms. Evelyn Wood</u>: c/o Blackhawk, Inc., 6210 Auth Road, Suite 402, Suitland, MD.

<u>Expected testimony from the plaintiff</u>: Ms. Wood is the Human Resource Director for Blackhawk, Inc. Ms. Wood's testimony is anticipated to last for 1 hour. Ms. Wood

will also testify that Mr. Anderson called the corporate office several times in early December, 2003, in an effort to return to duty and she referred the calls to Mr. Michael Berry, the Credentials Processor for Blackhawk, Inc. responsible for dealing with personnel matters for GSA guards. Ms. Wood will testify that Mr. Berry told her that he would not return Mr. Anderson to work.

Expected testimony from the defendant: Ms. Wood is the Human Resource Director for Blackhawk, Inc, located in the corporate office.  Ms. Wood may be called to testify about the hiring, leave and termination policies and procedures that the Defendant has in place, and that there was no FMLA leave request filed by the Plaintiff, and all related matters.  Her testimony is expected to last no more than one hour.

ii. Mr. Anthony Summers: c/o Blackhawk, Inc., 6210 Auth Road, Suite 402, Suitland, MD.

Expected testimony from the plaintiff: Mr. Summers was Mr. Anderson's immediate supervisor when Mr. Anderson worked for Blackhawk, Inc. We anticipate Mr. Summers' testimony is anticipated to last 1 hour. Mr. Summers will testify that Mr. Anderson notified and updated him of Mr. Anderson's medical condition. He will also testify that when Mr. Anderson reported for work in December 2003 after his medical leave, he asked Mr. Anderson to report to Mike Berry, Certifications Processor for GSA, in order to obtain a work schedule because there were security guard positions open at the Department of Veterans Affairs.  Mr. Summers may also testify about other items related to the claims and defense in this case, including, but not limited to, matters reviewed in his deposition dated August 7, 2006.

Expected testimony from the defendant: Mr. Summers was the Project Manager at the Veterans Administration Building (s) where the Plaintiff had his duty assignments, and his supervisor. If called, he is expected to testify about Mr. Anderson's absence from the job and his conversation with him regarding updating his certifications when he stopped by the jobsite a few months later for reassignment to duty there, and all related matters. His testimony is expected to last no more than one hour.

### b. THE PLAINTIFF'S WITNESSES

i. Leon Anderson: 1715 Dennis Ct, Forestville, MD 20747-2587. Mr. Anderson's testimony is expected to last 4-6 hours. Mr. Anderson will testify that he was seriously injured in a hit and run accident in September, 2003. He notified the defendant about his serious injuries within a day of the accident, frequently updated his supervisor about his condition and provided the defendant notes from his doctor regarding his condition. Mr. Anderson will also testify that when he attempted to report to duty in December, 2003 he was asked to talk to Michael Berry, the Credentials Processor for Blackhawk, Inc., regarding his schedule. Mr. Anderson called the corporate headquarters of the defendant several times but, Mr. Berry refused to return Mr. Anderson to work. He will also testify about all other facts in the complaint or set forth in the statement of claims, statement of relief and in the exhibits, including, but not limited to, any damages in terms of pay that he incurred.

ii. Dr. Steven Macedo: Washington Medical Group, PC, 5110 Ridgefield Road, Suite 104, Bethesda, MD 20036. Dr. Macedo was Mr. Anderson's treating physician when he was injured in a serious automobile accident in September, 2003. Mr. Anderson anticipates Dr. Macedo's testimony to last 1 hour. Dr. Macedo will testify that Mr.

Anderson was in an automobile accident and Dr. Macedo treated him for a concussion and other serious health conditions. He will also testify that he provided the Defendant letters notifying and updating it about Mr. Anderson's medical condition. Dr. Macedo may not need to testify if the defendant does not object to the admission of his reports and records.

### c. THE DEFENDANT'S WITNESSES

i. <u>Ms. Shawn Hughes</u>: c/o Blackhawk, Inc., 5210 Auth Road, Suite 402, works on Certifications, may be called to testify about the required certifications and process for GSA approved security guards like the Plaintiff. Her testimony is estimated to take no more than one hour.

**LIST OF EXHIBITS**

| JEX # | Date | Author | Summary |
|---|---|---|---|
| 1 | 3/14/03 | Blackhawk, Inc. | Blackhawk, Inc. policies and procedures directive on FMLA |
| | | | |
| | | | |
| | | | |
| | | | |

**PLAINTIFF'S EXHIBITS**

| PEX # | Date | Author | Summary | Objection | Fed. R. Evid. |
|---|---|---|---|---|---|
| 1 | 9/15/02 - 2/16/03 | Blackhawk, Inc. | Mr. Anderson's Earning Statements between 9/29/02 and 2/16/03 | | |
| 2 | 6/01/06 | Blackhawk, Inc. | Mr. Anderson's Earning Statements between 3/31/03 – 10/16/03 | | |
| | | | | | |
| 3 | 9/19/03 | Dr. Jennifer A. Yorke | ER doctor's notes regarding treatment after the accident. | | |

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| 4 | 9/29/03 | Dr. P. Steven Macedo | Doctor's notes on Mr. Anderson's health condition |   |   |
| 5 | 10/08/03 | Dr. P. Steven Macedo | Doctor's notes on Mr. Anderson's health condition |   |   |
| 6 | 11/04/03 | Dr. P. Steven Macedo | Doctor's notes on Mr. Anderson's health condition |   |   |
| 7 | 11/17/03 | Dr. P. Steven Macedo | Doctor's notes on Mr. Anderson's health condition |   |   |
| 8 | 12/01/03 | Dr. P. Steven Macedo | Doctor's notes on Mr. Anderson's health condition |   |   |
| 9 | 04/06/04 | Washington Medical Group | Medical procedure report showing continued medical care between September – December, 2003 |   |   |
| 10 | 10/28/03 | Dr. P. Steven Macedo | Letter from Mr. Anderson's physician to Defendant regarding his medical condition. |   |   |
| 11 | 10/29/03 | Ms. Shana E. Greatman | Letter from Mr. Anderson's attorney regarding Mr. Anderson's health condition accompanying doctor's note. |   |   |
| 12 | 12/05/03 | Dr. P. Steven Macedo | Physician's note to Defendant releasing Mr. Anderson for work. |   |   |
| 13 | 6/02/03 | Blackhawk, Inc. | Mr. Anderson's contract guard qualification certificate |   |   |

| | | | | | |
|---|---|---|---|---|---|
| 14 | 10/05/06 | Blackhawk, Inc. | Defendant's response to interrogatories stating requirements for certifications for security guards | | |
| 15 | 9/30/03 | Colonel Patterson | Number of hours Mr. Anderson worked at Blackhawk, Inc. | Authenticity | FRE 901 |
| 16 | 2003 | Blackhawk, Inc. | Mr. Anderson's W-2 from 2002 | | |
| 17 | 2004 | Blackhawk, Inc. | Mr. Anderson's W-2 from 2003 | | |
| 18 | 2004 | Blackhawk, Inc. | Tax return from 2003 | | |
| 19 | 2004 | Myers Security | 2004 earnings statements | | |

**DEFENDANT'S EXHIBITS**

| DEX # | Date | Author | Summary | Objection | Fed. R. Evid. |
|---|---|---|---|---|---|
| 1 | 3/7/03 | Blackhawk, Inc. | BLACKHAWK INC POLICIES AND PROCEDURES DIRECTIVE Vacation Leave, Sick Leave And Holiday Pay Procedures | | |
| 2 | | | [GSA requirements] | Authenticity/relevance/prejudice | FRE 901; 402; 403 |
| 3 | | | | | |

**DESIGNATION OF DEPOSITIONS TO BE OFFERED IN EVIDENCE**

Mr. Anderson reserves the right to use the depositions of Anthony Summers and Evelyn Wood for impeachment purposes if necessary.   Blackhawk Inc. reserves the right to use the deposition of Plaintiff, Leon Anderson for impeachment purposes if necessary.

**ITEMIZATION OF DAMAGES**

      a.  <u>Mr. Anderson's Damage Calculation</u>:

Mr. Anderson is claiming back pay from December 5, 2003 to September 30, 2004, a period of 42 weeks, when he was unable to work because Blackhawk, Inc. refused to allow him to return to work after he returned from FMLA leave. Mr. Anderson is not claiming any back pay after September 30, 2004 because he found additional positions and was able to earn a similar salary.

According to Mr. Anderson's 2003 W-2 from the defendant, Mr. Anderson earned $16,932.00 from 1/1/03 to 9/14/03, a period of 37 weeks. That is, he made an average of $457.00 per week. At the time of his termination he earned $15.40 per hour. It took Mr. Anderson 42 weeks to begin equalizing the earnings he would have made had the defendant not failed to return him to work on December 5, 2003.  Therefore, his back pay for 42 weeks ($457.00 per week) amounts to $19,194.00.  Mr. Anderson is also seeking liquidated damages because of the defendant's violations of the Family and Medical Leave Act that were not taken in good faith and with reasonable grounds. Therefore, Mr. Anderson's total claim for damages is $38,388.00.

**ESTIMATE OF LENGTH OF EACH PARTY'S CASE**

Mr. Anderson anticipates that he will need one day for evidence in his case. The Defendant Blackhawk estimates from two hours to one-half trial day for presentation of any defense in this case.

**STIPULATIONS OF FACT**

1. Defendant had more than 50 employees for the time periods relevant to this case.

2. Starting from on or about December 5, 2003, the plaintiff returned to work for another security agency for which he had also previously worked at the same time as he previously worked for the defendant.

**PLAINTIFF'S ADDITIONAL RELIEF REQUEST**

If Mr. Anderson prevails at the trial, in addition to the relief requested in his damages statement and claims for relief, he may also request reinstatement to a comparable position with the defendant, with a restoration of any rights and benefits he has accrued.

**DEFENDANT'S POSITION RE PLAINTIFF'S ADDITIONAL RELIEF REQUEST**

If prior to trial, Defendant is not opposed to discussing consideration of the Plaintiff's return to a comparable position with the Defendant.

Respectfully Submitted,

FOR THE PLAINTIFF
LEON ANDERSON

By__/s/_ Jonathan L. Gould___
    Jonathan L. Gould
    DC Bar # 491052
    James L. Kestell
    DC Bar #955310
    Bianca Karim
    DC Bar No. 497834
    Kestell and Associates
    1012 14th Street, NW, Suite 630
    Washington, DC  20005
    Tel. 202-347-3889
    Tel. No. 202-347-0990
    Fax 202-347-4482
    email jgould@igc.org

FOR THE DEFENDANT
BLACKHAWK, INC.

By__/s/_ Bernadette Gartrell___
    Bernadette Gartrell
    DC Bar # 71852
    Gartrell & Associates
    Metro Plaza One, Suite 620
    8401 Colesville Road
    Silver Spring, MD 20910
    301 589-8855; cell 301 589-8866
    email  gartrell4law@aol.com