**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEON ANDERSON                    :
1715 Dennis Ct,
Forestville, MD 20747-2587       :

      Plaintiff,                 :

      v.                         :          Civil Action No. 1:05CV01898 (ESH/JMF)

BLACKHAWK, Inc.                  :
6210 Auth Road, Suite 402,                  December 12, 2006
Suitland, MD 20746               :

      Defendant.                 :
_____

**PARTIES' PROPOSED SPECIAL JURY INSTRUCTIONS, SPECIAL VERDICT
FORM, VOIR DIRE QUESTIONS AND OBJECTIONS**

Pursuant to the Court's pretrial procedures order dated April 5, 2006, the parties

hereby submit their proposed special jury instructions, special verdict form and voir dire

questions, as well as their respective objections thereto, as part of the pretrial statement as

follow.

**PLAINTIFF'S REQUESTED SPECIAL JURY INSTRUCTIONS**

REQUESTED SPECIAL JURY CHARGE NO. 1

The FMLA, the statute involved in this case, provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period ··· [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

The statute also requires that an employee who has taken FMLA leave (A) "to be restored by the employer to the position of employment held by the employee when the leave commenced or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

Finally the statute provides that: "It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:40; 29 U.S.C. §2612(a)(1)(D); 29 U.S.C. §2614(a)(1); 29 U.S.C. § 2615(a)(1).

2

<u>REQUESTED SPECIAL JURY CHARGE NO. 2</u>

**"Employer" Defined**

The term "employer" means any person engaged in commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

It includes any person who acts, directly or indirectly, in the interest of an employer.

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:70; 29 U.S.C. § 2611(4).

<u>REQUESTED SPECIAL JURY CHARGE NO. 3</u>

**"Serious Health Condition" Defined**

The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves:

A "serious health condition" is defined by FMLA as "an illness, injury, impairment, or physical mental condition that involves [either] inpatient care in a hospital ⋯ or continuing treatment by a health care provider." 29 U.S.C. § 2611(11) (2000). Regulations promulgated under the FMLA further provide that a serious health condition that involves continuing treatment by a health care provider includes:

4 (i) a period of incapacity ⋯ of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves[:]

(A) Treatment two or more times ⋯; or

(B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R § 825.114(a) (2005).

Therefore, for a leave of absence to qualify under the FMLA, a plaintiff must allege that there was a period of incapacity of at least three days along with treatment for that condition by a health care provider either (1) on two or more occasions, or (2) at least once, as long as it results in a regimen of continuing treatment under that provider's supervision.. The regulation further provides that "treatment ⋯ includes (but is not limited

to) examinations to determine if a serious health condition exists and evaluations of the condition."

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:40; 29 U.S.C. § 2611(11); C.F.R. § 825.114(b); 29 U.S.C. § 2612(a)(1)(D) (2000); *see also Price v. Wash. Hosp. Center,* 321 F.Supp.2d 38, 45 n. 1 (D.D.C.2004) (quoting *Chang v. Inst. for Public-Private P'ships, Inc.,* No. 02-CV-1256, 2004 WL 742806, at *7 (D.D.C.2004)). *Russell v. North Broward Hosp.,* 346 F.3d 1335, 1342 (11th Cir.2003).

.

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 4

**Elements of an FMLA Interference Claim**

The FMLA makes it unlawful for the defendant to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided.

Mr. Anderson has alleged that the defendant deprived him of a substantive guarantee under the FMLA.  He must therefore demonstrate by a preponderance of the evidence that he was entitled to the right that was allegedly deprived.

**Source of Instruction: :** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:230; *Rice v. Sunrise Express, Inc.* Nos. 97-3982 and 98-2195, 2000 U.S. App. LEXIS 6295, *22 (7th Cir. April 7, 2000); *King v. Preferred Tech. Co.,* 166 F.3d 887, 891 (7th Cir. 1999); *Price v. Washington Hosp. Center*, 321 F.Supp.2d 38, 45 - 46 (D.D.C.,2004)

**Defendant's Objection:**

There is no factual basis in this case making out a claim for interference by the Defendant with the Plaintiff's exercise of his rights under the FMLA.  Hence this instruction is inappropriate.

<u>REQUESTED SPECIAL JURY CHARGE NO. 5</u>

Intent Not an Issue

The fact that the defendant had no specific intent or purpose to deprive Mr. Anderson of his rights under the FMLA will not absolve the defendant from liability if the defendant in fact deprived him of those rights.

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:240; *Hodgens v. General Dynamics Corp.,* 133 F.3d 151 (1st Cir. 1998)

<u>PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 6</u>

**Essential Elements of FMLA Violation**

Your verdict must be for the plaintiff, Mr. Anderson, if he has proved all of the following elements by a preponderance of the evidence:

*First,* Mr. Anderson had a serious health condition as defined under the FMLA;

*Second,* Mr. Anderson was absent from work because of a serious health condition;

*Third,* Mr. Anderson gave the defendant notice of his need to be absent from work;

*Fourth,* on the return of Mr. Anderson from his absence, the defendant failed to restore Mr. Anderson to his position of employment or an equivalent position with equivalent benefits, pay and other terms and conditions of employment.

However, your verdict must be for the defendant if any of the above elements has not been proved by a preponderance of the evidence.


**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:680*; Draft Model Jury Instructions (Civil) Eighth Circuit* § 5.81B (1999)(Modified).

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 7

**Damages Available**

If you find for the plaintiff, Mr. Anderson, then you must award him such sum as you determine by a fair preponderance of the evidence that he incurred as a direct result of the defendant's violation.  The FMLA provides that a plaintiff's may recover an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to him by reason of the violation.

You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages.

**Source of Instruction:**   *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:860; 29 U.S.C. § 2617(1).  Adopted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.02 (1999).

**Defendant's Objection:**

Instruction does not go far enough.  Should include plaintiff's duty to mitigate. (See defendant's proposed instruction on mitigation of damages.)

PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 8

**Backpay Damages**

If you find the defendant unlawfully failed to return the plaintiff to his position at the expiration of his medical leave in violation of the FMLA you must determine the amount of damages that plaintiff has sustained, if any.

That is, you are to award plaintiff an amount equal to the pay that plaintiff would have received from defendant had plaintiff been returned until the time he obtained equivalent pay at any other jobs he secured. You should deduct from that sum whatever wages plaintiff obtained from other employment during this period.

**Source of Instruction:** O'Malley, Grenig & Lee §173.70 (2000); 29 U.S.C. § 2617(1)

**Defendant's Objection:**

The defendant has indicated that it intends to object to this instruction as an incorrect statement of the law and intends to file a separate instruction on this issue.

10

<u>PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 9</u>

### **Mitigation of Damages**

The law of damages is that once having incurred economic harm or losses, Mr. Anderson was under a duty to take reasonable measures to lessen or mitigate the amount of economic harm or losses incurred by searching for other suitable employment after her termination.  If Mr. Anderson failed to use ordinary diligence to find other employment, he may not recover her full back wages, but may be entitled to a lesser recovery.

However, unlike the issues of the defendant's liability under the FMLA the burden of proving that Mr. Anderson did not take reasonable measures to find and secure employment elsewhere is on the defendant.  Thus, the defendant must prove by a fair preponderance of the evidence that Mr. Anderson's attempts to find employment after it failed to return him to work were not reasonable in that he did not use ordinary diligence to find such other employment.

In order to prevail on their claim that Mr. Anderson failed to mitigate her damages, the defendant must prove by a preponderance of the evidence (1) the existence of particular vacancies for jobs appropriate to Mr. Anderson's level of skill and education at a reasonable distance from his residence, and (2) that Mr. Anderson failed to use reasonable efforts to find employment.  The defendant must sustain its burden by identifying specific job vacancies at specific times that met Mr. Anderson's level of skills and qualifications.

**Source of Instruction:** *Peyton v. DiMario*, 287 F.3d 1121, 1128 (D.C.Cir. 2002); *Padilla v. Metro-North Commuter Railroad*, 92 F.3d 117, 125-6 (2d Cir. 1996).

11

**Defendant's Objection:**

The defendant has indicated that it intends to object to this instruction as an incorrect statement of the law and intends to file a separate instruction on this issue.

<u>PLAINTIFF'S REQUESTED SPECIAL JURY CHARGE NO. 10</u>

**Liquidated Damages.**

The FMLA also authorizes you to award Mr. Anderson what it calls liquidated damages. The law provides that these damages are presumed if you find that the defendant has interfered with Mr. Anderson's rights under the law. A defendant can avoid an assessment of these damages only if it proves, by a preponderance of the evidence, both that it acted in good faith even though it interfered with those rights and that it had reasonable grounds for interfering with those rights.

Unlike the rest of the issues in this case, where the plaintiff bears the burden of proof if you find that the defendant has interfered with Mr. Anderson's rights under the FMLA the burden is on the defendant to prove by a preponderance of the evidence both that it acted in good faith and had reasonable grounds for its actions.

In order for the defendant to prove that it acted in good faith, the defendant must prove it subjectively had an honest intention to ascertain what the law requires and to act in accordance with it. In order for the defendant to prove that it had reasonable grounds for its actions it must prove that it sought specific advice from a governmental authority as to what the law was and acted in accordance with that advice.

**Source of Instruction:** 29 U.S.C. § 2617 (a)(iii); *Kinney v. District of Columbia*, 994 F.2d 6, 12-13  (D.C. Cir.,1993); *Cooper v. Fulton County, Ga,.,* 458 F.3d 1282 (11th Cir., 2006); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 868-9 (8th  Cir. 2006).

**Defendant's Objection:**

There is no factual basis in this case making out a claim for interference by the Defendant with the Plaintiff's exercise of his rights under the FMLA.  Hence this instruction is inappropriate.

**<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1</u>**

**Elements of FMLA Violation**

Your verdict must be for the plaintiff, and against defendant, if the plaintiff has proved all of the following elements by a preponderance of the evidence:

*First,* Plaintiff had a serious health condition as defined under the FMLA; and

*Second,* Plaintiff was absent from work because of that serious health condition; and

*Third*, Plaintiff gave the Defendant appropriate notice of his need to be absent from work; and

*Fourth,* Plaintiff received treatment and was able to return to work and perform the functions of his job at the expiration of the leave period, *including having all required up to date GSA certifications;* and

*Fifth,* Defendant refused to reinstate Plaintiff to the same or an equivalent position held by Plaintiff when the absence began.

However, your verdict must be for the Defendant if any of the above elements has not been proved by a preponderance of the evidence.

**Source of Instruction:** *Federal Employment Jury Instructions*, J. Alfred Southerland Sec. 8:440*; Draft Model Jury Instructions (Civil) Eighth Circuit* § 5.81D (2004)(Modified).

**Plaintiff's Objection**

The plaintiff objects to the defendant's proposed instruction no. 1 because it creates an impression that the plaintiff did not have all the required certifications, which the plaintiff contests, and/or that the plaintiff could not readily obtain them. It also implies that the plaintiff had the sole responsibility to obtain those certifications. It is an incorrect statement of the law as applied to the facts of this case.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

### Appropriate Notice

The phrase "appropriate notice" as used in these instructions means that Mr. Anderson must have notified Blackhawk of his need for leave as soon as practicable after he learned of the need to take leave.

**Source of Instruction:** *Federal Employment Jury Instructions*, J. Alfred Southerland Sec. 8:180*; Draft Model Jury Instructions (Civil) Eighth Circuit* § 5.83F (2004).

**Plaintiff's Objection**:

The plaintiff objects to this proposed instruction because it seeks to have the jury decide a legal issue that the defendant will not be able to contest on the facts. The plaintiff contends that the defendant will not be able to legitimately dispute at trial that the plaintiff provided the defendant with appropriate notice of his medical leave or that the appropriate notice issue was a reason why the defendant failed to return the plaintiff to work.. Therefore there is no need for an instruction on this issue.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3**

**Damages – Instruction Not an Indication of Entitlement**

If Plaintiff has proven his claim against Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case.  It is your task first to decide whether Defendant is liable on the specific claims presented.  I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

**Source of Instruction:**  *Federal Employment Jury Instructions*, J. Alfred Southerland Sec. 8:850; 29 U.S.C. § 2617(1).  Adopted from *McDonald v. ISK Biosciences, Inc., C.A. No. H-95-4730 (S.D. Tex. 1999) (Title VII).*

**Plaintiff's Objection**

The plaintiff objects to this instruction because it departs from the standard instruction on awards of damages. The plaintiff's amended instruction more accurately incorporates that standard. (See plaintiff's instruction no. 7).

18

**<u>DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4</u>**

**Good Faith Defense to Liquidated Damages**

If you find in favor of Plaintiff on his claim that the Defendant interfered with his rights under the FMLA, then you must decide whether defendant acted in good faith. You must find Defendant acted in good faith if you find by a preponderance of the evidence that Defendant honestly intended and reasonably believed that its actions complied with the law.

**Source of Instruction:** *Federal Employment Jury Instructions*, J. Alfred Southerland Sec. 8:910*; Draft Model Jury Instructions (Civil) Eighth Circuit* § 5.86 (2004)(Modified).

**Plaintiff's Objection**

The plaintiff objects to this instruction because it deletes the issue of whether the defendant also had reasonable grounds for its actions. Under the FMLA, in order to avoid liquidated damages, the defendant must have both subjective good faith and reasonable grounds for its actions. (See plaintiff's instruction no. 10). Also, it fails to instruct the jury that the defendant has the burden of proof on these issues. Finally, the instruction on what the defendant needs to prove on the issue of good faith is an inaccurate statement of the law. (See plaintiff's instruction no. 10).

19

## **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5**

**Mitigation of Damages**

Plaintiff has a duty to mitigate or lessen his damages.  That is, Plaintiff was required to exercise reasonable diligence and care to locate substantially equal employment after he was not reinstated to his position by Defendant.  If you find that Defendant is liable and that Plaintiff has suffered damages, then Plaintiff may not recover backpay or other benefits for any period of time during which he failed to exercise reasonable diligence and care in seeking other suitable employment after he was not reinstated to his position by Defendant.  Therefore, if you find that Plaintiff failed, during any period of time, to exercise reasonable care and diligence in seeking other suitable employment after he was not reinstated to his position by the Defendant, you should deny his recovery of backpay and other benefits for such period of time.

You are the sole judge of whether Plaintiff failed to exercise reasonable care and diligence in seeking other suitable employment after he was not reinstated to his position by Defendant.  Defendant must prove that Plaintiff failed to use reasonable care and diligence in seeking such employment or  jobs.  In deciding whether to reduce Plaintiff's damages, you must weigh all of the evidence in light of the particular circumstances of the entire case.  You must also use sound discretion in deciding whether or not Defendant has satisfied its burden of proof.

You must deduct any money Plaintiff either earned from any employment he obtained after he was not reinstated to his position by Defendant or could have earned had he taken reasonable steps to obtain suitable employment.

20

Finally, you may not award damages based simply on speculation or guesswork. Any award must compensate Plaintiff fairly for any lost wages he may have sustained but must have a reasonable basis in the evidence and be reasonable in the light of that evidence.

**Source of Instruction:**  *Federal Employment Jury Instructions*, J. Alfred  Southerland Sec. 8:950; 29 U.S.C. § 2617(1).  *Ford Motor Co. v. E.E.O.C. 458 U.S. 219, 231-32 (1982).*

### Plaintiff's Objection

The plaintiff objects to this instruction because it does not clearly instruct the jury on the defendant's burden of proof on this issue. Also, it instructs the jury to subtract automatically any wages the plaintiff earned after the defendant failed to return him to work. Such an instruction is legally erroneous under the facts of this case and would deny the plaintiff the "make whole" remedy that he is entitled to. After the defendant failed to return the plaintiff to work, he earned wages in a job at Myers Security that he held prior to commencing his medical leave in this case. Those wages should not be subtracted from the plaintiff's back pay because the plaintiff would have earned those wages even if the defendant had returned him to work at the end of his leave.

**PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**


**Note:** Complete the following paragraph by writing in the name required by your verdict.

1.     Did the plaintiff, Leon Anderson, prove by a preponderance of the evidence, that the defendant, Blackhawk, Inc., failed to return him to work after he took a leave for a serious health condition thereby interfering with his rights under the Family and Medical Leave Act?


____                                                   ____
Yes                                                    No

**Note:** *Answer the next two questions only if the above finding is in favor of Plaintiff.  If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberations on this claim.*

2.     What losses did the plaintiff, Leon Anderson, suffer in terms wages, employment benefits and other compensation denied or lost through the date of this verdict as a result of the defendant's violations of the Family and Medical Leave Act?

$_____ [*state the amount or, if none, write the word "none"*].

3.     In interfering with the rights of the plaintiff, Leon Anderson, under the Family and Medical Leave Act, did the defendant prove, by a preponderance of the evidence, both that it acted in good faith and that it had reasonable grounds for interfering with those rights?


____                                                   ____
Yes                                                    No


_____
Foreperson

Dated: _____

22

**Source of Instruction:** *Federal Employment Jury Instructions*, McNamara and Southerland Sec. 8:970; Adopted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.05 (1999).

**DEFENDANT'S PROPOSED SPECIAL VERDICT FORM**

1.      Do you find that the Plaintiff, Leon Anderson, has proven by a preponderance of the evidence that the Defendant, Blackhawk, Inc., violated the Family and Medical Leave Act by failing to reinstate him to his employment with the Defendant when he returned, after his absence on leave for a serious health condition?

____                                             ____
Yes                                               No

**Note:** If your answer is No, please stop here.  If Yes, please go on to the next question.

2.  Did the Plaintiff, Leon Anderson, incur lost wages as a result of the Defendant's violation of the Family and Medical Leave Act?

____                                             ____
Yes                                               No

If so, in what amount of lost wages?   $ _____

3.  Do you find by a preponderance of the evidence that the Defendant, Blackhawk, Inc., interfered with Plaintiff Leon Anderson's rights  under the Family and Medical Leave Act?

____                                             ____
Yes                                               No

If no, stop here.

If yes, did the Defendant prove, by a preponderance of the evidence, that it acted in good faith?

____                                             ____
Yes                                               No

_____
Foreperson

Dated: _____

24

**Plaintiff's Objection**

The plaintiff objects to the defendant's proposed special verdict form on the grounds that it could lead to juror confusion. The defendant divides the two central issues in the case into four separate questions when they can more appropriately be stated in two questions as indicated in the plaintiff's proposed form. Also, regarding liquidated damages, the defendant fails to include in its instruction the requirement that it also prove that it had reasonable grounds for its actions in order to avoid liability for liquidated damages.

**THE PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

1. Do you, or does any member of your family, know the plaintiff, Leon Anderson? If so, please explain how you or they know the plaintiff and whether you feel this relationship would prevent you from rendering an impartial verdict.

2. Do you, or does any member of your family, know the plaintiff's lawyer, Jonathan L. Gould or anyone at Kestell & Associates or anyone from the defendant, Blackhawk, Inc. or its attorney, Bernadette Gartrell? If so, please describe how you or your family members know any of these individuals and whether your knowledge of them would prevent you from rendering an impartial verdict in this case.

3. Do you or any member of your family do business, receive benefits from or have any relationship with the Blackhawk, Inc., including an employment relationship, now or in the past? If so, please describe this relationship.

4. Do you know any of the proposed witnesses in this matter? If so, please explain how you know them and whether this relationship would prevent you from rendering an impartial verdict.

5. Do you have any commitments that would keep you from serving on the jury in this case? If so, please describe these commitments.

6. What is the nature of your employment, and how long have you worked at your present job?

7. Have you or any member of your family ever been employed in the personnel field for a corporation or government agency?

8. If so, please describe the circumstances.

26

9. Have you ever been a supervisor, and if so, please describe the circumstances?

10. Have you ever had to hire, fire, select for promotion, layoff or discipline employees, or implement company policies with such requirements, and if so, please describe the circumstances?

11. Have you or any member of your family ever been in a union?  If so, how do you feel about unions?

12. Have you ever had charges of discrimination filed against you? If so, how do you feel about that and do you think it could affect your ability to judge this case fairly?

13. Have you ever been unemployed, and if so, please describe the circumstances?

14. Have you, or a close relative, ever been fired or laid off or have you ever quit a job, and if so, please describe the circumstances and how you felt about it?

15. Have you ever been involved in a lawsuit before? If so, were you a plaintiff, defendant, witness or juror?

16. Please describe the nature and the result of the lawsuit.

17. Were you satisfied with the result of the lawsuit?  If you were not satisfied, please explain why.

18. Do you think that people should be able to sue their employers?  If not, why not?

19. Do you have any feelings one way or another about people who sue their employers?  If you have negative feelings about such people, please explain.

20. Have you or your spouse ever lost a job or been denied a promotion?  If so, describe your feelings.

21. Do you have any feelings about persons who need to take leave from the job because they are sick or injured? If so describe your feelings.

22. Do you think that people are never discriminated against when they come back to work because they were out sick or injured?   If so, please explain your answer.

23. Do you think that discrimination is a problem in the work place?  Please explain.

24. Do you think that employees exaggerate their injuries or illnesses so that they do not have to come to work?

25. Have any of you or your family members taken extended medical, sick or injury leave from the job? If so, how were you treated when you came back?

26. Have any of you or your family members who took medical, injury or sick leave been discriminated against after they returned? If so, how do you feel about that?

27. Have you or any member of your family been accused of discrimination?  If so, please explain the circumstances and how you felt about the situation.

28. Have you ever followed a case involving employment in the news?  If so, please indicate your feelings about that case.

29. Have you or any member of your family been pushed out of a job or denied a promotion because of an illness or injury or medical leave?  If so, please explain the circumstances.

30. Would you have any difficulty awarding a substantial amount of money to the plaintiff if you were satisfied that he was entitled to that amount of money under the law?  If so, please explain.

31. Have you ever sat on a jury before?  If so, please describe whether the case was civil or criminal, in state or federal court and how the case turned out?

32. What clubs or organizations do you belong to?

33. Name the three public figures you most admire.

34. Please name the magazines or newspapers you read.

35. Please indicate your primary source for news, i.e. newspaper, TV, internet or radio.

36. Please name the last book you read.

**Defendant's Objections:**

The defendant objects to the plaintiff's voir dire questions nos. 32-36 as irrelevant and obtrusive/invasive to the prospective jurors.

**DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS**

1.   In this case, the Plaintiff, Leon Anderson, was employed as an armed security guard by the Defendant Blackhawk, Inc.  He was assigned to guard duties at one of the Veterans Administration buildings in Washington, D.C.   Mr. Anderson claims the Defendant did not restore him to his employment at Blackhawk, Inc. after he returned from leave which he took following injuries in an automobile accident, in violation of the Family and Medical Leave Act, for which the Plaintiff seeks damages for the pay he lost if he had been reinstated to his employment at Blackhawk, until he found a replacement position at another security company. The Defendant says although Mr. Anderson did not provide adequate notice of his leave, and needed to verify that his required credentials were updated, Blackhawk did not terminate him.

2.   Does anyone know the Plaintiff, Leon Anderson, or any members of his family, friends or close acquaintances?

3.   Has anyone, your family, friends or close acquaintances ever worked for Blackhawk, Inc. or its predecessor company, B&B Security Services, Inc.

4.   Does anyone, or any members of your families, friends or close acquaintances know any of the owners or employees of Blackhawk, Inc.?

5.   The Plaintiff Leon Anderson is represented by Attorneys Jonathan L. Gould and James L. Kestell of the law firm of KESTELL & ASSOCIATES, whose offices are in Virginia and D.C.   The Defendant's attorney, is Bernadette Gartrell, whose law firm, GARTRELL & ASSOCIATES, is in Silver Spring.    Does anyone know, or been represented, by any of these attorneys or their law firms?

30

6.   Has anyone ever been involved in any type of lawsuit either as a plaintiff, defendant, or witness, where any of these attorneys or any members of their firms were involved?

6.   A number of witnesses may be called to testify in this case, including the following persons:

Does anyone know any of the persons just named, who may be called to testify in this case?

7.   Has any member of the jury panel or a member of your family, a close friend or acquaintance ever been a party to a law suit as a plaintiff, defendant, witness or juror, involving claims of discrimination or unequal treatment for any reason, including taking leave or being absent from the job?

8.   Has any member of the jury panel or a member of your family, a close friend or acquaintance, ever been fired or a lost a job, where it was believed that you were terminated wrongfully, unfairly, or in violation of any law, including the FMLA?

9.   Does any member of the jury panel or a member of your immediate family or a close acquaintance have any legal training?

10. Has anyone ever been selected to sit as a juror on a criminal or civil case?

11. Does any member of the panel, your family or close acquaintances work for or have a connection with anything involved with law enforcement or security services? or personnel and human resources?

12. Does any member of the panel, your family or close acquaintances work for any institution, agency, or employer, that deals with claims or charges of unlawful discrimination for any reason?

13. Is there any reason whatsoever why anyone would not be able to render a fair and impartial judgment based solely on the evidence and the law that I will instruct you to follow?

14. Is there anyone who would prefer not to sit as a juror in this case?

Respectfully Submitted,


FOR THE PLAINTIFF
LEON ANDERSON



By__/s/_ Jonathan L. Gould___
      Jonathan L. Gould
      DC Bar # 491052
      James L. Kestell
      DC Bar #955310
      Bianca Karim
      DC Bar No. 497834
      Kestell and Associates
      1012 14th Street, NW, Suite 630
      Washington, DC  20005
      Tel. 202-347-3889
      Tel. No. 202-347-0990
      Fax 202-347-4482
      email jgould@igc.org


Respectfully submitted,




By_/s/ Bernadette Gartrell_____
      Bernadette Gartrell DC Bar #71852
      Metro Plaza One, Suite 620
      8401 Colesville Road, Suite 620
      Silver Spring, Maryland 20910
      301 589-8855; fax 301 589-8866
      Email:  gartrell4law@aol.com
Attorney for Defendant Blackhawk, Inc.